UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GABRIEL D. HAWKINS,

    Plaintiff,

vs.                                               CASE NO.:   3:12-cv-1354-HLA-TEM

ARGATHA GILMORE, in her official
capacity as Chief of Police, CITY OF LAKE
CITY, FLORIDA, and JASON M. GOLUB,
individually,

    Defendants.
_____/

**DEFENDANT CITY OF LAKE CITY, FLORIDA'S MOTION TO STRIKE REBUTTAL EXPERT REPORT OF JOHN J. RYAN AND SUPPORTING MEMORANDUM OF LAW**

    Defendant City of Lake City, through undersigned counsel, in accordance with applicable Federal Rules of Civil Procedure, moves to strike Plaintiff's Rebuttal Expert Report of John J. Ryan. In support of this motion, the City of Lake City states as follows:

    1. Pursuant to the Court's Case Management and Scheduling Order [Doc. 28], all parties were to disclose expert witnesses by November 1, 2013.

    2. On November 1, 2013, Defendant Jason Golub, through his attorneys Gregory Lunny and Cristine Russell of Rogers Towers, P.A., served their Expert Witness Disclosure naming Darrell Edmonds, a police officer with expertise in DUI enforcement and drug recognition, as his expert. Plaintiff Gabriel Hawkins and Defendant City of Lake City did not disclose any experts.

    3. In summary, Mr. Edmonds opined: (a) Mr. Hawkins's driving pattern was consistent with someone that is impaired, sick or injured and justified a stop; (b) Mr. Hawkins' behavior and physical characteristics at the time of the stop provided reasonable suspicion of possible impairment so that Officer Golub was justified in asking Mr. Hawkins to exit the vehicle and

1

perform field sobriety experiences; (c) Mr. Hawkins' poor performance on the field sobriety exercises gave Officer Golub reason to believe that probable cause existed for Mr. Hawkins' arrest for driving under the influence ("DUI"); and (d) although Mr. Hawkins' blood test ultimately proved negative for alcohol and the chemical substances for which he was tested, there is a high probability that Mr. Hawkins could have been under the influence of one or several of the multitude of drugs that are not tested for in the test utilized by law enforcement. A copy of Mr. Edmonds' report is attached hereto as Exhibit "A". Notably, Mr. Edmonds does not opine on the training provided to Officer Golub by Lake City Police Department ("LCPD") or the preservation of evidence such as DVDs documenting traffic stops such as Officer Golub's stop of Gabriel Hawkins on May 2, 2010.

4. On December 2, 2013, Plaintiff served its Rebuttal Expert Report of John J. Ryan. A copy of this report is attached hereto as Exhibit "B". In his report, Mr. Ryan goes well beyond "rebuttal" of the opinions offered by Mr. Edmonds to opine that the City's policy, and custom of allowing officers to remove DVDs containing video footage of traffic stops[1] is contrary to generally accepted policies, practices, training and legal mandates with respect to the preservation of evidence as well as records retention [Ryan Report at ¶ 84], the department is not conducting training or requiring officers to attend trainings in critical areas [Ryan Report at ¶ 83] and that the training of officers by LCPD was not consistent with generally accepted policies, practices and legal mandates [Ryan Report at ¶ 80].

---

[1] The traffic stop involving Gabriel Hawkins that is the subject of this lawsuit was recorded through the use of video equipment mounted on Office Golub's patrol car. The video footage was burned to DVD and was retained by LCPD. During his deposition, Officer Golub testified that when he left employment with LCPD, he requested and received copies of DVDs involving all traffic stops he had conducted. Plaintiff did not conduct any discovery of LCPD so as to determine whether anyone other than Officer Golub ever requested or received DVDs containing footage of traffic stops so as to constitute a custom, practice or policy within the department.

5. As Plaintiff did not disclose an expert on November 1, 2013 as required by the Case Management and Scheduling Order and the Order is silent as to rebuttal experts and the deadline for disclosure of same, Plaintiff's disclosure of John J. Ryan on December 2, 2013 is not authorized.

6. The opinions offered by Plaintiff's "rebuttal" expert, John J. Ryan, as they pertain to training, evidence preservation and any conduct LCPD goes well beyond the realm of rebuttal as it addresses issues that were never raised by Defendant Golub's expert or the City, who never disclosed an expert.

7. Accordingly, the City of Lake City requests that all opinions offered by John J. Ryan that exceed the scope of rebuttal, including all opinions offered regarding officer training, removal of DVDs and preservation of evidence, be stricken.

8. In accordance with Local Rule 3.01(g), undersigned counsel has contacted Marie Mattox, counsel for Plaintiff, who does not consent to the relief sought in this motion.

WHEREFORE, Defendant City of Lake City respectfully requests this Honorable Court strike all opinions offered by Plaintiff's "rebuttal" expert John J. Ryan as untimely, or in the alternative, requests that the Court limit the opinions expressed by Plaintiff's expert John J. Ryan to those opinions which directly rebut the opinions offered by Defendant Jason Golub's expert witness Darrell Edmonds and strike all opinions offered by John Ryan that exceed the scope of the opinions offered by Edmonds, including but not limited to all opinions relating to training, removal of DVDs, evidence preservation and any alleged practice, policy or and custom attributed to the Lake City Police Department.

## MEMORANDUM OF LAW

I. **Plaintiff's disclosure of a "rebuttal" expert is not authorized by the Case Management and Scheduling Order.**

As an initial matter, the City challenges Plaintiff's ability to disclose a rebuttal expert in this matter. *See Kelly v. Nelson, Mullins, Riley & Scarborough, LLP*, 2003 WL 25778702 (M.D. Fla. March 25, 2003)(striking rebuttal experts of both parties served without leave of court where the Case Management and Scheduling Order set one date for disclosure of expert reports). As in *Kelly*, the Case Management and Scheduling Order designated one date – November 1, 2013 – for the disclosure of experts by all parties. While the City acknowledges the authority provided by Fed. R. Civ. P. 26(a)(2)(c), this Rule does not expressly provide Plaintiff with authority to file a rebuttal report where such action is not recognized within the Case Management and Scheduling Order. *See Johnson v. Petsmart, Inc.*, 2007 WL 3024029 (M.D. Fla. October 15, 2007) ("Most district courts that have addressed the issue [of whether the 30 day deadline found in Fed. R. Civ. P. 26(a)(2)(C) applies when the Court issues a scheduling order that is silent on the issue of when to designate rebuttal experts], however, have ruled that a scheduling order nullifies the deadlines set forth in Rule 26(a)(2)(C) and if the scheduling order does [sic] address rebuttal experts, rebuttal experts are not allowed.")). *See also, Kelly* at *1, n. 2. ("To the extent that Defendants interpreted the Case Management Order to provide for rebuttal disclosures under Fed. R. Civ. P. 26(a)(2)(C), they are mistaken."). Plaintiff's disclosure of its "rebuttal" expert, John J. Ryan, on December 2, 2013, was not authorized by the Case Management and Scheduling Order, which is silent on the issue of rebuttal experts and accordingly, should be stricken.

> **II.   Many of the opinions expressed in Plaintiff's Rebuttal Expert Disclosure are not proper rebuttal.**

Assuming Plaintiff's rebuttal expert disclosure is authorized, many of the opinions offered by Plaintiff's expert exceed the scope of rebuttal and should be stricken. The district court has broad discretion in deciding what constitutes proper rebuttal evidence. *Johnson v. Petsmart, Inc.*, 2007 WL 3024029 (M.D. Fla. October 15, 2007) (citing *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 601 (9th Cir. 1991); *Datamatic Servs., Inc. v. United States*, 909 F.2d 1029, 1033 (7th Cir. 1990).

The opinions offered by Plaintiff's "rebuttal" expert, John J. Ryan are not rebuttal. Rather they serve as an untimely disclosure of what Plaintiff likely would have disclosed had he disclosed an expert on November 1, 2013 as contemplated by the Case Management and Scheduling Order. In his "rebuttal" report, Ryan offers opinions regarding training, evidence preservation and practice and policy within LCPD. These opinions do not serve to rebut any issue raised by the defendants since none of these topics were addressed by Defendant Golub's expert and the City never disclosed an expert. Ryan's opinions on these subjects cannot be characterized as "rebuttal" and should be stricken. *See Kendall Lakes Towers Condo. Ass'n, Inc. v. Pacific Ins. Co., Ltd.*, 2011 WL 6372198 (S.D. Fla. December 20, 2011)("Contrary to Plaintiff's argument, The Roser Report is not a rebuttal expert report. It is a repair estimate and it rebuts nothing—because none of Pacific's four expert witness reports address the issue of the amount of Plaintiff's damages (i.e., the repair costs) in the first place.") .

Where the opinions of Plaintiff's rebuttal expert, John J. Ryan, exceed the scope of the opinions offered by Defendant Jason Golub's expert Darrell Edmonds and purport to rebut opinions regarding the City and the City's practices, policies and customs as it pertains to training and evidence preservation when the City never offered any expert opinions, such

opinions should be stricken. *See Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc.*, 2005 WL 2465020 (M.D. Fla. October 6, 2005) (excluding portions of plaintiff's rebuttal expert's report that could not be reasonably be classified as rebuttal evidence where the assertions made represented independent analysis and plaintiff's rebuttal expert failed to tie his conclusory statements to the defense expert's report or any of the materials used by the defense expert in his report.)

**MARKS GRAY, P.A.**

s/ Meagan L. Logan
Susan S. Erdelyi
Florida Bar No.: 0648965
Meagan L. Logan
Florida Bar No.: 018062
Post Office Box 447
Jacksonville, Florida 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
sse@marksgray.com
mlogan@marksgray.com

Attorneys for Defendant City of Lake City

## CERTIFICATE OF SERVICE

I CERTIFY that on the 10th day of December 2013, I electronically filed the above document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Marie A. Mattox, Esquire
310 East Bradford Road
Tallahassee, FL 32303

Gregory F. Lunny, Esq.
Cristine M. Russell, Esq.
Rogers Towers, P.A.
818 A1A N, Ste. 208
Ponte Vedra Beach, FL 32082

                              s/ Meagan L. Logan
                              Attorney