# EXHIBIT 30

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**GABRIEL HAWKINS,**

    **Plaintiff,**

v.                                                CASE NO. 3:12cv1354-HLA/TEM

**CITY OF LAKE CITY, FLORIDA,**
**and JASON GOLUB, individually,**

    **Defendants.**

_____/

## AFFIDAVIT OF CHRISTOPHER HUGHES

STATE OF FLORIDA
COLUMBIA COUNTY

    BEFORE ME personally appeared CHRISTOPHER HUGHES, who, after taking an oath states the following on his own personal knowledge:

1. My name is Christopher Hughes and I am over the age of eighteen.

2. I was employed by Defendant Lake City Police Department (LCPD) as a police officer from on or around August 17, 2009 until my unlawful termination on February 8, 2011.

3. During my employment at LCPD, I came to know the Plaintiff in this matter, Gabriel Hawkins, just from being around town. I would randomly run into him while doing patrol, not in the sense that he was a subject of any investigation or suspect for arrest, but just as a resident who was friendly and always willing to strike up a conversation.

4. From my first conversation with Hawkins, it was apparent to me that he was mentally challenged. He did not seem to understand everything that I said to him and was slow to respond. I had similar experiences in our subsequent encounters.

5. In fact, numerous other police officers were also familiar with the Plaintiff shared with me their observations about his obvious mental difficulties, including Carlos Rodriguez and Rudolph Davis.

6. Through my tenure at LCPD, it became apparent to me that Plaintiff's mental impairments were well known throughout the community he lived in.

7. During my tenure at LCPD, I never encountered a situation with the Plaintiff that would lead me to believe he was under the influence of alcohol or drugs, and in fact, he had the reputation of a person who did not smoke or drink, let alone use drugs.

8. During my tenure at LCPD, I never had an occasion to arrest Plaintiff or even suspect him of violating any law.

9. On or around May 2, 2010, I was on duty at the station when Officer Rodriguez returned to the station.

10. Rodriguez came up to me and appeared frustrated. He told me that Officer Jay Golub had made a bad arrest. I asked him what he was talking about and he told me that Golub had just arrested a "mentally retarded" person for a charge of DUI. I later found out that he was referring to the Plaintiff in this matter.

11. Rodriguez told me that he knew the Plaintiff did not smoke or drink, he just had mental deficiencies.

12. Rodriguez told me that when he spoke to Golub, who was on the scene at the time, he explained to Golub that the Plaintiff did not smoke or drink and was just mentally challenged and not under the influence.

13. Rodriguez told me that he tried to stop Golub from arresting the Plaintiff.

14. Rodriguez told me that Golub refused to listen to him and made the bogus arrest

2

anyway.

15. Golub was never disciplined for arresting the Plaintiff.

Dated this 25th day of January, 2014

*Christopher Hughes*
Christopher Hughes

## ATTESTATION

BEFORE ME personally appeared Christopher Hughes, who, after being sworn, states that the facts set forth above are true and correct and are on his own personal knowledge. He presented his Florida driver's license as proof of his identity.

*Elizabeth A LaCombe*
Notary Public (Signature)

Elizabeth A La Combe
Notary Public (Printed Name)
My Commission expires:

DL# H220-103-71-450-0

ELIZABETH ANNE LACOMBE
Commission # FF 071851
Expires November 20, 2017
Bonded Thru Troy Fain Insurance 800-385-7519

3