**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**GABRIEL D. HAWKINS,**

          **Plaintiff,**

                                    **CASE NO.:  3:12-cv-1354-J-25PDB**

**vs.**

**CITY OF LAKE CITY, FLORIDA, and**
**JASON M. GOLUB, individually,**

          **Defendants.**

_____/

**DEFENDANTS' JOINT MOTION TO STRIKE THE**
**AFFIDAVIT OF CHRISTOPHER HUGHES AND REBUTTAL EXPERT REPORT**
**OF JOHN J. RYAN FILED IN OPPOSITION TO DEFENDANTS'**
**MOTIONS FOR SUMMARY JUDGMENT**

       Defendants CITY OF LAKE CITY, FLORIDA and JASON GOLUB ("Defendants"), by

and through their undersigned attorneys and pursuant to Federal Rule of Civil Procedure 37(c),

jointly move to strike the Affidavit of Christopher Hughes (Doc. 43-26) and the "Rebuttal Expert

Report of John Ryan" (Doc. 43-25), both of which were filed in opposition to Defendants'

Motions for Summary Judgment.  In support of this Motion, Defendants state the following:

**I.**      **INTRODUCTION**

       1.       Defendants request that the Court strike the Affidavit of Christopher Hughes

("Hughes Affidavit"), a law enforcement officer formerly employed by the City of Lake City,

Florida ("City").  Mr. Hughes was never disclosed as a potential witness during the discovery

phase, and in fact, Mr. Hughes was not disclosed until January 27, 2014, the same day that his

affidavit was filed as part of Plaintiff's opposition to Defendants' Motions for Summary

Judgment.  Mr. Hughes is actively engaged in litigation against the City in another case currently

pending before this Court, and his affidavit attributes a number of hearsay statements to another

law enforcement officer who also was not disclosed (and who has not filed or signed his own affidavit).  Defendants also seek to strike the Rebuttal Expert Report of John J. Ryan ("Ryan Report") because Mr. Ryan was not disclosed as an expert until thirty days after the expert witness disclosure deadline set forth by the Court.  The consideration of these documents in connection with Defendants' summary judgment motions would be prejudicial to Defendants and would violate the disclosure requirements of Federal Rule of Civil Procedure 26(a).  In addition, the documents contain information that is inadmissible and do not meet the requirements of Federal Rule of Civil Procedure 56(c)(4).  Accordingly, for reasons more specifically set forth herein, Defendants request that both documents be stricken.

## II.   MOTION

2.      On May 9, 2013, the Court entered a Case Management and Scheduling Order (Doc. 28), establishing deadlines of November 1, 2013 to disclose expert witnesses, December 2, 2013 to complete discovery, and January 2, 2014 to file dispositive motions.

3.      Defendants filed their respective motions for summary judgment (Docs. 34 and 35) on January 2, 2014.

4.      Thereafter, Defendants consented to a one week extension of time, until January 27, 2014, for Plaintiff to file his responses to each of those motions.

5.      In support of his memoranda in opposition to the Defendants' motions for summary judgment, Plaintiff submitted a notice of filing (Doc. 43) on January 27, 2014.  The notice of filing contained numerous documents, including the Hughes Affidavit and the Ryan Report.

6.      Plaintiff did not disclose Officer Hughes prior to January 27, 2014 in any of his disclosures or discovery responses.  On April 10, 2013, Plaintiff served a "Statement of

Compliance with Rule 26" which set forth the disclosures required by Federal Rule of Civil Procedure 26(a)(1).  Item 6 of the statement included four "current and former employees of Defendant" but did not include Officer Hughes as one such former employee of Defendant City; nor was Officer Hughes disclosed in any other portion of the disclosure.  A copy of Plaintiff's Rule 26(a)(1) Disclosures is attached hereto as Exhibit "A."

7.     On July 1, 2013, Plaintiff served his answers to Defendant City's First Interrogatories.  The City's Ninth Interrogatory requested, in relevant part, that Plaintiff "*Identify each and every individual you contend, or believe, has or may have knowledge which in any way supports any alleged fact, circumstance, issue claim or cause of action you are alleging in your Second Amended Complaint.*"  In response, Plaintiff identified five potential witnesses, but did not identify Officer Hughes.  A copy of Plaintiff's Response to the City's Ninth Interrogatory is attached hereto as Exhibit "B."

8.     On July 1, 2013, Plaintiff also served his answers to Defendant Officer Golub's First Set of Interrogatories.  Officer Golub's Second Interrogatory requested that Plaintiff "*List the names and addresses of all persons who are believed or known by you or your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which the witness has knowledge.*"  In response, Plaintiff listed the same five witnesses identified in his answer to the City's Ninth Interrogatory but did not include Officer Hughes.  A copy of Plaintiff's Response to Officer Golub's Second Interrogatory is attached hereto as Exhibit "C."

9.     On January 27, 2014, the same date that Plaintiff filed his responses to Defendants' motions for summary judgment, he served a document entitled "Plaintiff's Supplemental Statement of Compliance with Rule 26."  The supplemental disclosure included as

witnesses, *for the first time,* Chris Hughes, Carlos Rodriguez and Rudolph Davis.   These individuals were described as having "knowledge of mental conditions of Gabriel Hawkins and that it would have been a violation of the City of Lake City's policies to have arrested Plaintiff under the circumstances as alleged in the Complaint."   A copy of Plaintiff's January 27, 2014 Supplemental Rule 26(a) Disclosure is attached hereto as Exhibit "D."   This purported disclosure occurred nearly two months after the close of discovery and nearly a month after the dispositive motion deadline.[1]

10.     Later on that same date, Plaintiff filed a number of documents (Doc. 43) in opposition to Defendants' Motions for Summary Judgment, including the Hughes Affidavit (Doc. 43-26) and the Ryan Report (Doc. 43-25).

11.     As stated in his affidavit, Officer Hughes was formerly employed as a police officer with the Lake City Police Department until February 8, 2011, at which time, he attests, he was "unlawfully" terminated.   Hughes Affidavit, paragraph 2.   (Doc. 43-26).   In fact, Mr. Hughes has sued the City and is currently the plaintiff in a case currently pending before this Court.   *Hughes v. City of Lake* City, Case No. 3:12-cv-158-TJC-JBT.   Officer Hughes is represented in that matter by counsel for Mr. Hawkins in this matter.

12.     In his affidavit, Officer Hughes opines that Mr. Hawkins is, as he describes him, "mentally challenged."   Doc. 43-26, ¶4.   Officer Hughes then goes on to relate statements purportedly made to him by a supervising officer, Carlos Rodriguez, relating to the arrest of Mr. Hawkins.   *See* Hughes Affidavit, Doc. 43-26, paragraphs 10-14.   Officer Rodriguez, who was disclosed by Plaintiff for the first time on January 27, 2014, did not submit his own affidavit as

---

[1] Neither Officer Rodriguez nor Mr. Davis submitted affidavits in opposition to Defendants' summary judgment motions.  The late disclosure of those witnesses will be the subject of a separate motion to bar their testimony at trial.

to these purported statements.   Rather, his alleged statements only appear in the Hughes Affidavit.   Officer Hughes also opines that Hawkins' "mental impairments were well known throughout the community."  Doc. 43-26, paragraph 6.

13.   The Hughes Affidavit should be stricken for two reasons.  First, when a party fails to disclose information or identify a witness as required by Rule 26(a), Federal Rule of Civil Procedure 37(c)(1) precludes the use of such information or witness to supply evidence on a motion unless the failure to make the disclosure was substantially justified or was harmless.  The failure to disclose in this case was neither justified or harmless.  Second, Federal Rule of Civil Procedure 56(c)(4) provides that affidavits or declarations must set out facts that would be admissible in evidence.  Officer Hughes' affidavit is primarily based upon hearsay testimony, including testimony from another officer who is a non-party and who has not submitted his own affidavit.  For these additional reasons, the Hughes Affidavit should be stricken.

14.   Defendants also request that Mr. Ryan's rebuttal report be stricken.  Defendants have previously moved to strike Mr. Ryan's Rebuttal Report as untimely (Docs. 31 and 32), and incorporate those arguments herein.  In addition, substantial portions of Mr. Ryan's Report also fail to comply with Rule 56(c)(4) and Defendants had no opportunity to depose Mr. Ryan due to the fact that he was not disclosed before the discovery cutoff.

WHEREFORE, Defendants respectfully request that the Court strike the Affidavit of Christopher Hughes and the Rebuttal Report of John J. Ryan (Docs. 43-24 and 43-26) filed January 27, 2014, and that the Court exclude such documents from the Court's consideration of Defendants' summary judgment motions.

### III.   MEMORANDUM OF LAW

A.   Plaintiff Failed to Disclose Officer Hughes as Required Under Fed. R. Civ. P. 26(a).

Rule 26(a)(1) requires that parties disclose each individual likely to have discoverable information that the party may use to support its claims or defenses. *See Faulk v. Volunteers of America*, 444 Fed. Appx. 316, 317 (11th Cir. 2011) (unpublished) (citing Fed. R. Civ. P. 26(a)(1(A)(i)).  Federal Rule of Civil Procedure 37(c)(1) provides, in pertinent part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is *not allowed to use that information or witness to supply evidence on a motion*, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."   When a party fails to comply with rule 26, a district court may strike an affidavit submitted in opposition to summary judgment.  *See Lawver v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768, 770 (11th Cir. 2008); *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009) (unpublished).   "This automatic sanction provides a strong incentive for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion such as one under Rule 56."  *See* 1993 Advisory Committee Notes to Subdivision (c).

Thus, District Courts have not hesitated to strike affidavits filed in support of summary judgment where such affidavits are executed by witnesses that were not previously disclosed.  In *Hernandez v. Mohawk Industries, Inc.*, No. 6:08-cv-927-Orl-28GJK, 2009 WL 3762847, *1, and n.1 (M.D. Fla. Nov. 10, 2009), for instance, this Court refused to consider two affidavits in connection with a summary judgment motion where the plaintiff failed to disclose those witnesses prior to filing their affidavits.  Other district courts within the Eleventh Circuit have also stricken affidavits of witnesses not disclosed prior to summary judgment.  *See*, *e.g., Brown v. Berg Spiral Pipe Corp.*, No. 10-237-CG-B, 2011 WL 3610646, *7-9 (S.D. Fla. Aug. 17,

2011)(striking affidavit where plaintiff failed to disclose witness in his initial disclosures or in responses to interrogatories and noting that defendant was clearly prejudiced where discovery had already closed and where summary judgment motions were ripe for review); *McGlown v. City of Birmingham,* 880 F. Supp. 2d 1227, 1229 (N.D. Ala. June 5, 2012)(holding that plaintiff was precluded from using affidavit in opposition to summary judgment where plaintiff failed to disclose any substantive information about the witness during the discovery period); *Hurst v. Sam's East, Inc.*, No. 4:08-cv-103 (CKL), 2010 WL 234793, *4 (M.D. Ga. Jan. 12, 2010)(excluding affidavit of undisclosed witness submitted in support of summary judgment and noting that defendant would have to suffer additional costs and delays to depose new witness after the close of discovery and dispositive motion deadline).  In this case, Mr. Hughes was not disclosed during discovery or at any time prior to the filing of his affidavit on January 27, 2014. His affidavit should therefore be stricken pursuant to Rule 37(c).

      B.    <u>Plaintiff's Failure to Disclose Officer Hughes Was Not Substantially Justified or Harmless</u>.

The burden of establishing the exceptions set forth in Rule 37(c), that a failure to disclose was "substantially justified" or was "harmless," rests on the non-disclosing party.  *Mitchell*, 318 Fed. Appx. at 824 (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)). Plaintiff cannot meet this burden.   In this instance, Plaintiff has never given a reason for his failure to disclose Officer Hughes.  At no time has Plaintiff filed a motion seeking to leave to disclose an additional witness after the close of discovery or to extend the discovery period or dispositive motion deadline; nor has he filed any other document which would establish the criteria set forth above and why Officer Hughes' testimony could not have been disclosed during the discovery phase.

Officer Hughes was never disclosed as a potential witness or person with knowledge as to the claims or defenses at issue despite the fact that Plaintiff's counsel represents Officer Hughes in another action brought against the City of Lake City. (Case No. 3:12-cv-158-TJC-JBT).  That action was filed prior to the instant action and is still pending before this Court.  Accordingly, Plaintiff's counsel was clearly aware that Officer Hughes was formerly employed as a law enforcement officer by the Lake City Police Department, and Plaintiff could have disclosed him at any time during the discovery phase as a potential witness in *this* action.  Accordingly, Plaintiff cannot meet his burden of establishing that the failure to disclose Mr. Hughes was substantially justified.

Additionally, the failure to disclose a witness who submits an affidavit in opposition to summary judgment is not harmless.  The Advisory Committee Note to the 1993 amendment to Rule 37(c) gives examples of harmless violations: "*e.g.,* the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party . . . ."  Advisory Committee Notes, Rule 37(c)(1993 Amendments).   " 'This commentary strongly suggests that "harmless" involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'"  *Wright v. Huyundai Motor Mfg. Alabama, LLC,* Civil Action No. 2:08CV61-SRW, 2010 WL 4739486, *4 (M.D. Ala. Nov. 16, 2010)(additional internal citations omitted).

In this instance, the failure to disclose Officer Hughes was not inadvertent.  Nor were Defendants aware that he would be a potential witness.  Because Hughes was not disclosed until *after* the discovery cut-off and dispositive motion deadline, simply re-opening discovery or re-setting the dispositive motion deadline would not cure the harm caused by the non-disclosure.  If the Court were to consider the affidavit at this late date, the Defendants would have to incur the

additional cost of deposing two additional witnesses, Hughes and Rodriquez (whose purported statements appear in the affidavit) and revising their previously filed motions for summary judgment.  The imposition of these additional costs and the resulting delay is unfairly prejudicial to Defendants.  *See*, *e.g., Hurst*, 2010 WL 234793, *4 (excluding affidavit from the record in considering defendant's motion for summary judgment and noting cost and delay); *Wright*, 2010 WL 4739486, *4 (granting motion to strike declarations of two witnesses and noting that because Defendant prepared its summary judgment submission without knowledge of the identity of the witnesses who later submitted affidavits in opposition, the disclosure was not harmless). Because the witnesses were not disclosed until the same day that Plaintiff filed his opposition to the Defendants' summary judgment memoranda, the failure to disclose was not harmless and was in fact, highly prejudicial to Defendants.  Accordingly, Plaintiff cannot establish that his failure to disclose Officer Hughes was substantially justified or harmless.[2]

C.    The Hughes Affidavit Contains Inadmissible Hearsay

Officer Hughes' affidavit should also be stricken because it contains inadmissible evidence which cannot be reduced to admissible form.  An affidavit submitted in connection with a summary judgment motion is subject to a motion to strike if it does not meet the requirements of Federal Rule of Civil Procedure 56.  *See Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1298 (M.D. Fla. 2002)(additional citations omitted).  Rule 56(c)(4) requires that

---

[2] The Eleventh Circuit has articulated several factors for consideration in deciding to exclude testimony from a witness that was not properly disclosed.  Those factors are "(1) the importance of the testimony; (2) the reason for the [defendant's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify."  *Falk v. Volunteers of America*, 444 Fed. Appx. 316, 317 (2011)(quoting *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004)).  It is unclear whether those factors relate to the determination of the substantial justification prong or the harmlessness prong.  In any event, Plaintiff cannot meet these criteria.  The testimony is almost entirely inadmissible hearsay and relates to events that occurred *after* the arrest which is the subject of the litigation.  Moreover, as previously discussed, Plaintiff has not articulated any reason for the failure to disclose Officer Hughes prior to January 27th and consideration of the affidavit at this late date would be prejudicial to Defendants as it would cause delay and additional expense.

affidavits shall "set out facts as would be admissible in evidence".[3]   "[B]ecause the court may only consider evidence that would be admissible at trial, the court may not consider inadmissible hearsay when deciding a motion for summary judgment, and the court may strike the inadmissible portions of the affidavit and consider the rest." *Pashoian*, 208 F. Supp. 2d at 1298 (noting that party may not rely upon "rank hearsay" to oppose proper motions for summary judgment and striking portions of affidavit which contained inadmissible hearsay) (additional citations omitted). *See also Macuba v. Deboer*, 193 F.3d 1316, 1325(11th Cir. 1999)(holding that the district court erred in considering hearsay testimony in ruling on a motion for summary judgment).

In paragraphs 10 through 14 of his affidavit, Mr. Hughes attributes the following statements to another officer, Carlos Rodriguez, who allegedly stated: Officer Golub made a "bad arrest" (paragraph 10), Officer Golub had "arrested a 'mentally retarded' person" (paragraph 10), Rodriguez "knew the Plaintiff did not smoke or drink" (paragraph 11); Rodriguez "explained to Golub that Plaintiff did not smoke or drink"; Rodriguez stated that "he tried to stop Golub from arresting the Plaintiff." (paragraph 13); Rodriguez stated that "Golub refused to listen to him and made the bogus arrest anyway."  Hughes also attests, in paragraph 6, that "Plaintiff's mental impairments were well known throughout the community he lived in."

In this instance, the out of court statements of Rodriguez are being relayed by Hughes. Moreover, the statements are clearly being offered for the truth of the matter asserted: that Plaintiff was mentally incapacitated, did not smoke or drink, that Rodriguez tried to stop the arrest and that he stated the arrest was "bogus."  These alleged out of court statements by

---

[3] Pursuant to amendments to the Federal Rule of Civil Procedure, the guidelines regarding affidavits and declarations previously set forth in Rule 56(e) are now set forth in Rule 56(c)(4).

Rodriguez do not fall within any exception to the hearsay rule and would not be admissible at trial if offered by Hughes.   Accordingly, they cannot be considered as part of Plaintiff's opposition to Defendants' motions for summary judgment. *See id.* (holding that the district court erred in considering hearsay testimony that was not otherwise admissible).   Such "evidence" is clearly being offered to create a material fact issue, and is particularly problematic given the fact that Plaintiff has not submitted the affidavit of the Officer Rodriguez who allegedly made the statements.   In addition, paragraph 6 is improper reputation evidence as it is not being offered to show a character trait but to establish an alleged fact, the Plaintiff's mental condition.   It therefore does not fit within the exception set forth in Federal Rule of Evidence 803(21). Accordingly, paragraphs 6, 10-14 of the Hughes Affidavit should be stricken on the additional ground that they are inadmissible hearsay.

      D.    <u>The Ryan Report Should Be Stricken</u>

      Rule 37(c)(1) also encompasses Rule 26(a)(2), which governs expert witness disclosures. *See, e.g., Hubbard v. Edwards,* No. 3:04-cv-118 (CDL), 2006 WL 2557904 (M.D. Ga. Sept. 1, 2006)(excluding affidavit of expert witness filed in opposition to summary judgment due to failure to timely disclose witness).   Rule 26(a)(2)(D) requires that expert witnesses be disclosed "at the times and in the sequence that the court orders."   For reasons previously set forth in Defendants' motions to strike Mr. Ryan's report (Docs. 31 & 32), Plaintiff failed to disclose Mr. Ryan within the deadlines set by the Court and as required by Rule 26(a).   In addition, the Ryan Report is primarily comprised of filled with descriptions of legal documents, legal argument comparing various documents, and mere conclusory statements, which are inadmissible. *See, e.g., Cook v. Sheriff of Monroe County,* Florida, 402 F.3d 1092, 1113 (11th Cir. 2005).

Accordingly, for all of these reasons, Defendants request that the Ryan Report be stricken from the Plaintiff's summary judgment opposition.

**Local Rule 3.01(g) Certification**

Pursuant to the requirements of Local Rule 3.01(g), the undersigned counsel, Cristine M. Russell, has conferred with counsel for Plaintiff regarding the relief requested herein, and counsel for the Plaintiff opposes the relief requested in this motion.

RESPECTFULLY SUBMITTED this 4th day of February, 2014.


**MARKS GRAY, P.A.**                              **ROGERS TOWERS, P.A.**


By: */s/Meagan L. Logan*                  By:    */s/Cristine M. Russell*
    Susan Smith Erdelyi                        Gregory F. Lunny
    Florida Bar No. 0648965                    Florida Bar No. 883654
    Meagan L. Logan                            Cristine M. Russell
    Florida Bar No. 018062                     Florida Bar No. 0157406
    Post Office Box 447                        1301 Riverplace Boulevard, Suite 1500
    Jacksonville FL 32201                      Jacksonville, FL 32207
    (904) 398-0900 (telephone)                 (904) 398-3911 (telephone)
    (904) 399-8440 (facsimile)                 (904) 396-0663 (facsimile)
    sse@marksgray.com (email)                  GLunny@rtlaw.com (email)
    mlogan@marksgray.om (email)                CRussell@rtlaw.com (email)

**ATTORNEYS FOR DEFENDANT, CITY**          **ATTORNEYS FOR DEFENDANT,**
**OF LAKE CITY, FLORIDA**                  **OFFICER JASON GOLUB**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 4, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Marie A. Mattox, Esquire
Sassan Nadar Achtchi, Esquire
Marie A. Mattox, P.A.
310 E. Bradford Road
Tallahassee, Florida  32303
marie@mattoxlaw.com
sassan@mattoxlaw.com
*Attorneys for Plaintiff*

/s/*Cristine M. Russell*