**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GABRIEL D. HAWKINS,

      Plaintiff,

CASE NO.: 3:12-cv-1354-HLA/TEM

vs.

ARGATHA GILMORE, in her official
capacity as Chief of Police, CITY OF LAKE
CITY, FLORIDA, and JASON M. GOLUB,
individually,

      Defendant.
_____/

**PLAINTIFF'S STATEMENT
OF COMPLIANCE WITH RULE 26**

Plaintiff, Gabriel Hawkins, makes the following disclosures in accordance with Rule 26(a)(1)(A), 26(a)(1)(B), 26(a)(1)(C) and 26(a)(1)(D), Federal Rules of Civil Procedure:

A.  Rule 26(a)(1)(A)(i), Federal Rules of Civil Procedure, requires disclosure of the name and, if known, the address and telephone number of each individual likely to have discoverable information relative to the disputed facts alleged with particularity in the pleadings, identifying the subjects of the information. Plaintiff has conducted the reasonable inquiry required under Rule 26(g), and, to the best of the Plaintiff's knowledge, information and belief, the disclosure is complete and correct as of the time that it is made. Plaintiff, however, reserves the right to supplement this list upon discovery of additional information which may be relevant to this action:

1. Plaintiff

2. All persons identified by Defendant in its Rule 26 disclosures.

3. All persons identified in any party's interrogatory answers.

4. All persons noticed and/or deposed during discovery.

1

5. All records custodians of any and all records Plaintiff seeks to introduce as evidence at trial.

6. The following current and former employees of Defendant may have knowledge of Defendant's actions against Plaintiff:

**Ofc. Jason Golub-** c/o Lake City Police Department; knowledge that he made an illegal traffic stop that resulted in an illegal arrest on false charges; knowledge that the affidavit he filled out for the arrest of Plaintiff may have not been completely truthful; may have other knowledge of the claims and defenses in this matter.

**Chief Argatha Gilmore-** c/o Lake City Police Department; knowledge that Ofc. Golub's traffic stop resulted in an illegal arrest based on false charges; knowledge that the City did nothing to prevent this arrest and sent it up to be prosecuted while knowing it was based on false allegations of the officer; may have other knowledge of the claims and defenses in this matter.

**Jennifer White-** Shands Lake Shore Hospital- 368 NE Franklin St., Lake City, FL 32055: knowledge that she took the blood sample and that it was negative for alcohol or any other type of drugs; may have other knowledge of the claims and defenses in this matter.

**Ofc. Patrick Ross-** c/o Lake City Police Department; knowledge that he made an illegal traffic stop that resulted in an illegal arrest on false charges; knowledge of misrepresentations in connection with that incident; knowledge that the affidavit he filled out for the arrest of Plaintiff may have not been completely truthful; may have other knowledge of the claims and defenses in this matter.

B. Rule 26(a)(1)(A)(ii), Federal Rules of Civil Procedure, requires disclosure of a copy or a description by category and location of, all documents, data, compilations, and tangible things in the possession, custody or control of the party that are relevant to the disputed facts alleged with particularity in the pleadings. Plaintiff reserves the right to supplement this list as additional information becomes available. Plaintiff has performed a good faith examination of the pleadings and of all documents in Plaintiff's possession and makes the following disclosure of documents that may be relevant:

1. All documents obtained by any party during discovery, by whatever means.

2. Offense Report-LCPD10OFF01495; dated 5/02/2010, filed by Officer Jason Golub

2

3. Complaint/Arrest Affidavit, dated 5/2/2010

4. Supplemental Discovery Exhibit filed by Jonah Farr, Assistant State Attorney; with FDLE Lab Report

5. Lake City Police Department Alcohol Influence Report; signed by Ofc's Ross and Golub; dated 5/2/2010

6. D.U.I. Alcohol Influence Report Affidavit; signed by Ofc. Ross; dated 5/2/2010

7. Lake City Police Department Advisement of Rights; dated 2/13/75 by Ofc. Jason Golub.

8. Nolle Prosequi, dated 7/8/10; signed by Judge Pete Sieg

C. Rule 26(a)(1)(A)(iii), Federal Rules of Civil Procedure, requires a computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or other evidentiary material not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered. Plaintiff, to the extent that these documents are available, identifies the following:

> Plaintiff is entitled to damages relating to mental anguish, emotional distress, depression, anger, escalated levels of stress, feelings of helplessness, embarrassment, humiliation and loss of capacity for the enjoyment of life. It is not Plaintiff's counsel's practice to ask the jury for a set financial award for intangible damages. Instead, it is Plaintiff's counsel's practice to ask the jury to award an amount of money for emotional pain and suffering that will fairly compensate the Plaintiff for the mental pain and suffering endured as a result of the unlawful acts of the Defendant. Plaintiff is asking for the maximum amount allowed by law.

Plaintiff further notes the controlling law in his circuit:

> There is no exact yardstick by which recovery [for mental pain and suffering] is to be measured and the solving of the difficulty in determining the amount of the award is left to the discretion of the jury unless clearly arbitrary or so great as to be shocking to the judicial conscience or indicate that the jury was influenced by prejudice or passion.

Georgia Southern & Florida Railway Co. v. Perry, 326 F.2d 921, 926 (5th Cir. 1964). This can not be reconciled with the notion that a Plaintiff is in any better position

3

than a jury to state with certainty an amount representing the correct compensation for emotional distress damages.

Plaintiff notes that in some 51 different places, the current Pattern Jury Instructions (Civil) of the Eleventh Circuit repeat this paragraph:

> On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury -- tangible and intangible. Thus, **no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced.** In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. **There is no exact standard to be applied**; any such award should be fair and just in the light of the evidence.

(Emphasis added).

There are additionally a number of more recent cases after nationwide adoption of the mandatory disclosures of Rule 26 that are even more explicit in holding that for a person like Plaintiff Robinson emotional distress is not to be quantified in Rule 26 disclosures. *See, e.g.*, Williams v. Trader Publishing Co., 218 F.3d 481, 486-487 and n. 3 (5th Cir. 2000) (compensatory damages for emotional distress . . . may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)); Burrell v. Crown Central Petroleum, Inc., 177 F. R. D. 376, 386 (E.D. Texas 1997) (computation of metal anguish damages is unnecessary under Rule 26(a)(1)(C)); Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Plaintiffs' objection on the basis that their non-economic compensatory damages are not readily subject to computation under Rule 26 is sustained).

Plaintiff submits that the decision how much to award for these damages belongs to the jury and to the jury alone.

Plaintiff further submits that on a practical level, a forced statement of emotional pain and suffering damages, as here, is pernicious. Appearing as it must in a court paper, it is subject to Rule 11 and, therefore, in light of the above authorities and common sense, the number given is necessarily not based on any specific calculation or formula.

3. Plaintiff also claims entitlement to attorneys' fees and costs in this matter. Plaintiff's attorney fee summaries have been and will continue to be filed with the Court.

4

      4. Other damages may be made known to Plaintiff during the course of this action.

**D. Rule 26(a)(1)(D), Federal Rules of Civil Procedure, requires disclosure of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff has no such insurance policy but reasonably believe that a policy of insurance covers Defendant's actions in this case.

Respectfully submitted,

_____
Sassan Achtchi (FBN: 83981)
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800
(850) 383-4801 (facsimile)
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by regular U.S. Mail on this 10th day of April 2013 to:

Cristine M. Russell
ROGERS TOWERS, P.A.
1301 Riverplace Blvd., Ste. 1500
Jacksonville, Florida 32207

Susan S. Erdelyi, Esq.
Meagan L. Logan, Esq.
MARKS GRAY, P.A.
Post Office Box 447
Jacksonville, Florida 32201

_____
Sassan Achtchi

5